IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION
_____

STEPHANIE GAMBLE,

    Plaintiff,

                                          No. 15-2789-SHL-dkv

vs.

SITEL OPERATING CORPORATION and
MEREDITH ASHLEY FARMER,

    Defendants.
_____

REPORT AND RECOMMENDATION FOR PARTIAL *SUA SPONTE* DISMISSAL
_____

On December 8, 2015, the plaintiff, Stephanie Gamble ("Gamble"), filed a *pro se* complaint against the defendants, Sitel Operating Corporation ("Sitel") and Meredith Ashley Farmer ("Farmer"), alleging gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and disability discrimination in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112, ("ADA"). (Compl., ECF No. 1.) Accompanying the complaint was a motion seeking leave to proceed *in forma pauperis*, (ECF No. 2), which the court granted on December 9, 2015, (ECF No. 6). Gamble also filed a motion for appointment of counsel, (ECF No. 3), which the court denied on December 9, 2015, (ECF No. 8). This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as

appropriate. (Admin. Order 2013-05, Apr. 29, 2013.) For the reasons that follow, it is recommended that Gamble's gender and disability discrimination claims against Farmer be dismissed for failure to state a claim. It is further recommended that Gamble's gender discrimination claim against Sitel be dismissed and that Gamble be allowed to amend her disability claim against Sitel.

I. PROPOSED FINDINGS OF FACT

Gamble filed her complaint on a court-supplied form styled "Complaint" and checked the boxes beside "Title VII of the Civil Rights Act of 1964" and "Americans with Disabilities Act of 1990." (Compl., ECF No. 1.) In the space provided for alleging the discriminatory conduct, Gamble checked the boxes for: termination of my employment; failure to promote; failure to accommodate my disability; unequal terms and conditions of my employment; retaliation; and "Equal Pay." (*Id.* ¶ 6.) Gamble alleges that the discriminatory acts were based on her gender and disability and occurred from October of 2013 through April 2, 2014 and on April 7, 2014. (*Id.* ¶¶ 7, 9.)

In the complaint, Gamble states that she filed a charge with the Tennessee Human Rights Commission on August 17, 2014. (*Id.* ¶ 11.) Gamble also states that she filed a charge with the Equal Employment Opportunity Commission ("EEOC") on March 13, 2014, (*Id.* ¶ 12), and that the EEOC issued a Notice of Right to Sue, which was received by her on September 17, 2015, (*Id.* ¶ 14). Gamble attached

to her complaint the EEOC's "Dismissal and Notice of Right" letter mailed by the EEOC on September 17, 2015. (ECF No. 1-1.)

Gamble has also attached a nine-page statement to the complaint which is difficult to decipher. In this statement, Gamble alleges that Farmer, who was hired in October of 2013, imposed a 120 second requirements on agents to "sign into all of the computer software programs." (Statement 1, ECF No. 1-2.) It appears that Gamble was unable to comply with the new requirement because she encountered many system errors and technical problems. (*Id.*) As a result, Gamble was written up on October 26, 2013, November 1, 2013, and January 10, 2014. (*Id.* at 1-2.) Gamble alleges that the write ups were "punitive" and constituted harassment and a hostile work environment. (*Id.*) According to Gamble, her "Schedule Adherences, Average Handle Time, Average Time Talked, and After Call Work metric scores were being manipulated as a pretext to further discriminate, harass, and be hostile in the work environment." (*Id.* at 3.)

Gamble alleges that she attempted to apply for a new position but could not apply because the she was given "a broken email link." (*Id.* at 3.) Gamble states that she "was also denied the newly created email response position [] by [] Farmer." (*Id.* at 4.) Gamble alleges that she was qualified for both of the positions. (*Id.*)

Gamble further alleges that on December 2, 2013, she submitted an ADA accommodation request because she "was having system problems that was causing [her] nerves problems." (*Id.* at 2.) It appears

3

that Gamble's request was denied and on March 5, 2014, she made an internal complaint to Jessica Delgado ("Delgado"), a Human Resources ("HR") employee. (*Id.* at 4.) On March 10, 2014, Gamble spoke on the phone to Reagan Freed ("Freed"), the HR director, about her ADA accommodation request. (*Id.*) On March 14, 2014, Gamble submitted a second ADA accommodation request "for a reduced shift due to the pressure, harassments, and discriminating treatment on the job." (*Id.* at 5.) According to Gamble, Freed did not engage in a "good faith interactive process" regarding her ADA accommodations. (*Id.* at 4-5.) Gamble alleges that the "ADA medical documents associated with this request are from Dr. Pickering on April 4, 2014." (*Id.*)

Further, Gamble alleges that on March 6, 2014 she had on the job injuries. (*Id.*) On March 12, 2014, Gamble requested a leave of absence and on March 18, 2014, Dr. Tori Russell approved a two week leave for "work related medical issues." (*Id.*) Gamble alleges that she contacted her coach Roxanne Nunn ("Nunn") on March 22, 2014 and Freed on March 24, 28, and 31, 2014 to discuss returning to work. (*Id.* at 6.) Gamble states that on April 4 and 7, 2014, she submitted to Freed medical ADA accommodation documents from Dr. Pickering. (*Id.*) Gamble states that Freed never cleared her to return to work and Gamble eventually resigned on April 14, 2014. (*Id.* at 6-7.) According to Gamble, she "provided all necessary paperwork and medical document for the purpose of an ADA accommodation as a qualified worker ready to return back to work, but Sitel and its human

4

resource personnel director, [] Freed, and the operations manager [] Farmer refused to allow [her] to return back to work after many desperate attempts." (*Id.* at 9.)

In her statement attached to her complaint, Gamble alleges that she has enclosed a number of documents such as copies of her write ups, copies of correspondence between herself and Farmer, Nunn, and Freed, copies of Dr. Russell's "return back to work note," and a medical certificate with information on the nature of her medical condition and injury. However, there are no such attachments to Gamble's complaint.

For relief, Gamble requests "other equitable and injunctive relief" but does not specify the type of relief. (Compl. ¶ 16, ECF No. 1.) Gamble also generally requests back pay with interest and compensatory damages but does not otherwise specify the amount requested. (*Id.*)

II. PROPOSED CONCLUSIONS OF LAW

A. <u>28 U.S.C. § 1915(e)(2) Screening</u>

Pursuant to Local Rule 4.1(a), service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2). The clerk is authorized to issue summonses to *pro se* litigants only after that review is complete and an order of the court issues.

This report and recommendation will constitute the court's screening. The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action —

  (i)   is frivolous or malicious;

  (ii)  fails to state a claim on which relief may be granted; or

  (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

B. <u>Standard of Review for Failure to State a Claim</u>

In assessing whether Gamble's complaint states a claim on which relief may be granted, the court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "A complaint must "'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009)(quoting *Iqbal*, 556 U.S. at 678). The court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012). However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the

6

framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."). The Supreme Court's decision in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002), makes clear that Title VII plaintiffs are not required to plead the elements of a prima facie case under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). All that is required is that the complaint comply with "Rule 8(a)'s simplified pleading standard." *Swierkiewicz,* 534 U.S. at 513.

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.")(internal quotation marks omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court

7

nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004)("District judges have no obligation to act as counsel or paralegal to pro se litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of pro se litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

C.  Gamble's Claims Against Farmer

In the complaint, Gamble alleges that Sitel hired Farmer in October 2013 as an operations manager. (Statement 1, ECF No. 1-2.) There is no remedy under Title VII or under the ADA against a co-worker or supervisor in his or her individual capacity. *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997) (holding that individual liability is prohibited under Title VII and similar statutory schemes); *see also Hiler v. Brown*, 177 F.3d 542, 545-47 (6th Cir. 1999)(finding that individuals who do not otherwise meet the statutory definition of "employer" cannot be held liable under the Rehabilitation Act,[1] including the Act's anti-retaliation

---

[1] The Rehabilitation Act constitutes the exclusive remedy for a federal employee alleging disability-based discrimination. *Jones*

provision); *E.E.O.C. v. AIC Sec. Investigations, Ltd.,* 55 F.3d 1276, 1282 (7th Cir. 1995) (holding that "individuals who do not otherwise meet the statutory definition of 'employer' cannot be held liable under the ADA"). Because Farmer was Gamble's supervisor and not her "employer" as defined by Title VII and the ADA, Farmer cannot be held liable under Title VII or the ADA. Therefore, it is recommended that Gamble's Title VII and ADA claims against Farmer be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

D. <u>Gamble's Title VII Gender Discrimination Claim Against Sitel</u>

In her complaint, Gamble alleges that Sitel discriminated against her on the basis of her gender/sex. (Compl. ¶ 9, ECF No. 1.) Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a). To establish a *prima facie* case of gender discrimination, a plaintiff is required to show that: (1) she is a member of a protected group; (2) she was subjected to an adverse employment decision; (3) she was qualified for the position; and (4) similarly situated non-protected employees were treated more favorably. *Peltier v. United States*, 388 F.3d 984,

---

*v. Potter*, 488 F.3d 397, 403 (6th Cir. 2007). In the Sixth Circuit, the ADA and the Rehabilitation act share the same substantive standard. *Id.*

9

987 (6th Cir. 2004); *see also Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 363 (6th Cir. 2010). In order to demonstrate that the employer subjected the plaintiff to an adverse employment action, the plaintiff must show that the defendant "changed the terms or conditions of her employment in a way that was materially adverse to her." *Hollins v. Atl. Co.*, 188 F.3d 652, 662 (6th Cir. 1999). The change must be more than a mere convenience; it must be of the magnitude of a termination of employment, a demotion, a decrease in salary, a material loss off benefits. *Id.* (citing *Crady Liberty Nat'l Bank & Trust Co. of Ind.*, 993 F.2d 132, 136 (7th Cir. 1993)).

Gamble has not pled any facts to establish a *prima facie* case of gender discrimination. Gamble is a female, so she is a member of a protected group. However, the complaint does not make clear what adverse employment action constituted the alleged gender discrimination. Gamble mentions three write-ups, however, Gamble has failed to allege that these write-ups constituted an adverse employment action or that male employees were not subjected to the same treatment by the employer. Thus, Gamble has not alleged any facts supporting the conclusion that she was subjected to an adverse employment decision because of her gender.

Gamble also alleges that she applied but did not receive a new position within Sitel. (Statement 4, ECF No. 1-2.) The essential elements of a Title VII gender-discrimination claim, in the case of a person's nonselection for a job, are: 1) that the plaintiff is a

10

member of a protected class; (2) that she applied for, and did not receive, a job; (3) that she was qualified for the job; and (4) that a similarly situated individuals of opposite gender received the job. *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 463 (6th Cir. 2003)(citations omitted).  Gamble has not alleged that she was qualified for the job or that a male received the job.  In fact it appears that a female African American employee received the job. (*See* Statement 4, ECF No. 1-2.)  Nothing in Gamble's allegations supports the conclusion that she did not receive a job because of her gender.  Therefore, Gamble has not pled sufficient facts to establish a *prima facie* case of gender discrimination based on nonselection for a job.

Gamble also alleges that she was harassed and subjected to a hostile work environment.  In *Harris v. Forklift Sys., Inc.*, 510 U.S. 17 (1993), the Supreme Court explained that a hostile environment is a "workplace [that] is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create and abusive working environment." *Id.* at 21 (citations and internal quotation marks omitted); *see also Grace v. USCAR*, 521 F.3d 655, 678 (6th Cir. 2008).  Gamble's allegations do not indicate that she experienced harassment so severe and pervasive that it created an abusive working environment.  Further, to establish a hostile work environment Gamble must show that the harassment complained of

was based on her gender. *Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724, 733 (6th Cir. 2006). Gamble does not allege that any harassment she was subjected to was based on her gender. Her pleadings raise no inference of a causal connection between Farmer's alleged conduct and Gamble's gender. Therefore, to the extent Gamble purports to plead a hostile environment claim, such claim must be dismissed.

For these reasons, the court recommends that Gamble's Title VII gender discrimination claim against Sitel be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

E. Gamble's ADA Claim Against Sitel

In her complaint, Gamble alleges that Sitel discriminated against her on the basis of her disability. (Compl. ¶ 9, ECF No. 1.) Gamble alleges that she submitted ADA accommodations requests in December 2, 2013, (Statement 2, ECF No. 1-2), and March 14, 2014, (*Id.* at 5). Gamble further alleges that following a medical leave from March 6 through April 2, 2014, (*Id.* at 6), Gamble attempted to return to work but Sitel refused to allow her to return to work. (*Id.* at 6-8.)

The ADA prohibits discrimination "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions,

12

and privileges of employment." 42 U.S.C. § 12112(a). A plaintiff can establish a disability discrimination claim through direct evidence or through circumstantial evidence under the *McDonnell Douglas* framework. *Gantt v. Wilson Sporting Goods Co.*, 143 F.3d 1042, 1047 (6th Cir. 1998). "Direct evidence is evidence that proves the existence of a fact without requiring any inferences." *Rowan v. Lockheed Martin Energy Sys., Inc.*, 360 F.3d 544, 548 (6th Cir. 2004) (citations omitted). "[W]hen an employer admits (or the evidence establishes) that its decision was based upon the employee's disability, direct evidence of discrimination exists." *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1180 (6th Cir. 1996), abrogated on other grounds by *Lewis v. Humboldt Acquisition Corp.*, 681 F.3d 312 (6th Cir. 2012).

If a plaintiff seeks to establish a disability discrimination claim through circumstantial evidence, she must plead: (1) that she is disabled; (2) that she is otherwise qualified for the position, with or without reasonable accommodation; (3) that she suffered an adverse employment action; (4) that the employer knew or had reason to know of her disability; and (5) that either she was replaced by a nondisabled person or her position remained open while the employer sought other applicants. *Daugherty v. Sajar Plastics, Inc.*, 544 F.3d 696, 703 (6th Cir. 2008)(internal citation and quotation marks omitted)(citing *Macy v. Hopkins Cnty. Sch. Bd. of Educ.*, 484 F.3d 357, 365 (6th Cir. 2007)); *Jones v. Potter*, 488 F.3d 397, 404 (6th

Cir. 2007)(setting forth the same *prima facie* elements under the Rehabilitation Act); *Monette*, 90 F.3d at 1186. The last prong "may also be satisfied by showing that similarly situated non-protected employees were treated more favorably." *Jones*, 488 F.3d at 404 (citing *Tally v. Bravo Pitino Rest., Ltd.*, 61 F.3d 1241, 1246 (6th Cir. 1995)).

Gamble has pled that she suffered an adverse employment action because Freed and Farmer refused to allow her to return to work. (Statement 8, ECF No. 1-2.) However, there are no facts suggesting that Sitel refused to allow Gamble to return to work because of her disability. Therefore, Gamble has not alleged direct evidence of disability discrimination. To the extent Gamble seeks to establish a disability discrimination claim through circumstantial evidence, she has not sufficiently pled the *prima facie* elements of her claim. It is unclear from the complaint what Gamble's disability is. Although Gamble alleges that she has attached medical documentation as to her condition and injury, her complaint contains no such attachment. "It is well settled that not every physical or mental impairment constitutes a disability under the specific parameters of the ADA." *Daugherty*, 544 F.3d at 703 (citations omitted).

Further, while Gamble alleges that she requested accommodations, it is unclear whether she is otherwise qualified for her position with reasonable accommodations. Gamble has also not alleged that she was replaced by a nondisabled person or that her

14

position remained open while the employer sought other applicants or that similarly situated non-protected employees were treated more favorably. Therefore, Gamble has not pled sufficient facts to plead the *prima facie* elements of her disability discrimination claim.

Gamble also alleges that she made two requests for accommodations. Regulations issued by the EEOC, which is the agency charged by Congress to interpret and enforce the ADA, provide that it is "unlawful for a covered entity not to make reasonable accommodation to the known physical or mental limitations of an otherwise qualified applicant or employee with a disability, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of its business." 29 C.F.R. § 1630.9(a). Thus, to establish a *prima facie* case for failure to provide a reasonable accommodation, Gamble must demonstrate that (1) she is disabled; (2) she is otherwise qualified for the position, with or without reasonable accommodation; (3) her employer was aware of her disability; (4) there was a causal relationship between the disability and the request for accommodation; and (5) the employer failed to provide a reasonable accommodation. *DiCarlo v. Potter*, 358 F.3d 408, 419 (6th Cir. 2004), *overruled on other grounds by Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009)(citing *Gaines v. Runyon*, 107 F.3d 1171, 1175-76 (6th Cir. 1997)); *see also Myers v. Cuyahoga Cnty., Ohio*, 182 F. App'x 510, 515 (6th Cir. 2006); *Pearson v. Cuyahoga Cnty.*, 596 F. App'x

15

358, 366 (6th Cir. 2014). To be "otherwise qualified" for the job, the employee bears the burden of showing she can perform the "essential functions" of the job, with or without accommodation. 42 U.S.C. § 12111(8).

Again, Gamble's complaint does not sufficiently plead the *prima facie* elements of a failure-to-accommodate claim. Gamble has simply stated that she requested accommodations but that Freed "did not discuss anything with [her] . . . to perform a [] good faith interactive process [regarding her] ADA accommodation." (Statement 4-5, ECF No. 1-2.) However, it is unclear what Gamble's alleged disability is, what accommodations she requested, and whether there is a causal relationship between the disability and the requests for accommodations. It is also unclear what Gamble's job is and whether she would still be qualified for that job with reasonable accommodations. Therefore, Gamble has not pled sufficient facts supporting the *prima facie* elements of her failure-to-accommodate claim.

Nevertheless, because Gamble is proceeding *pro se*, the court recommends that she be allowed thirty days to amend her ADA disability claim to add more facts and include the necessary attachments.

III. RECOMMENDATION

For the foregoing reasons, this court recommends that Gamble's Title VII and ADA claims against Farmer be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim

16

on which relief may be granted.  Further, the court recommends that Gamble's Title VII claim against Sitel be dismissed but that she be granted thirty days to amend her ADA claim against Sitel.

Respectfully submitted this 17th day of December, 2015.

                          s/Diane K. Vescovo
                          DIANE K. VESCOVO
                          CHIEF UNITED STATES MAGISTRATE JUDGE

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b)(2).  Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.