# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| STEPHANIE GAMBLE, | ) |
| Plaintiff, | ) |
| v. | ) No. 15-cv-2789-SHL-dkv |
| SITEL OPERATING CORPORATION, | ) |
| Defendant. | ) |

## ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION

Before the Court is the Magistrate's Report and Recommendation for Partial *Sua Sponte* Dismissal of Plaintiff's Amended Complaint and to Issue and Effect Service of Process (the "Report and Recommendation"). (ECF No. 17.) For the following reasons, the Court **ADOPTS** the Report and Recommendation in its entirety, resulting in the dismissal of *pro se* Plaintiff Stephanie Gamble's ("Ms. Gamble") claims for breach of contract, negligence, Title VII gender discrimination and ADA disability discrimination against Defendant Sitel Operating Corporation ("Sitel"), as well as all claims against Meredith Ashleigh Farmer ("Ms. Farmer"). As a matter of preliminary screening, however, the Court finds that Ms. Gamble may move forward with the claims in her Amended Complaint against Sitel for failure to accommodate and for retaliation under the ADA.

## PROCEDURAL POSTURE

Ms. Gamble filed her *pro se* Complaint on December 8, 2015, alleging gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and failure to accommodate, retaliation and disability discrimination in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112 ("ADA"). (ECF No. 1.) After

conducting a preliminary review of Ms. Gamble's Complaint, the Magistrate issued a Report and Recommendation on December 17, 2015. (ECF No. 9.) The Court adopted the Report and Recommendation on April 19, 2016. (ECF No. 11.) In the Order Adopting the Report and Recommendation, the Court found that Ms. Gamble had only stated a cognizable claim against Sitel for failure to accommodate under the ADA. (ECF No. 11 at 16.) The Court permitted Ms. Gamble to file an amended complaint to recite only the factual allegations supporting her failure to accommodate claim. (Id.)

On May 19, 2016, Ms. Gamble failed to follow the Court's Order and filed an Amended Complaint that included all of the claims that were dismissed from the Complaint, a slew of new claims, and again named Ms. Farmer as a co-defendant. (ECF No. 14.) The Magistrate conducted a preliminary screening of the Amended Complaint, and issued a Report and Recommendation on July 6, 2016, recommending dismissal of Ms. Farmer, again, dismissal of Ms. Gamble's Title VII gender discrimination claim and ADA disability discrimination claim, again, and dismissal of Ms. Gamble's newly included claims for breach of contract and negligence, leaving only Ms. Gamble's ADA failure to accommodate and retaliation claims against Sitel. Ms. Gamble filed a timely Objection to the Report and Recommendation, which included two specific objections: first, Ms. Gamble argues that she had an "implied employment contract" with Sitel supporting her breach of contract claim; and, second, she contends that she can provide a similarly situated comparator for her disability discrimination claim. For the following reasons, the Court finds that Ms. Gamble has failed to demonstrate through her objections that she stated a claim upon which relief may be granted for breach of contract or for disability discrimination.

**ANALYSIS**

I.  Standard of Review

A magistrate judge may submit to a judge of the court proposed findings of fact and recommendations for dismissal of a complaint for failure to state a claim upon which relief can be granted. 28 U.S.C. § 636(b)(1)(B). "A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 149 (1985). After reviewing the evidence, the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C). If no party objects to the magistrate judge's factual or legal conclusions, the district court need not review those findings under a *de novo* or any other standard. Thomas, 474 U.S. at 150.

When reviewing Ms. Gamble's two objections, the Court applies the Federal Rule of Civil Procedure 12(b)(6) standard. Under that standard, a court must determine whether the plaintiff has stated a claim upon which relief may be granted, but also "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." DirecTV, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007). "Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

II.    Objections

   A.  First Objection

Ms. Gamble first objects to the Magistrate's recommendation to dismiss her breach of contract claim for failure to state a claim.  The Magistrate found that, although Ms. Gamble had an employment contract with Sitel, she failed to plead any facts or provide any contract language that would overcome the presumption in Tennessee that all employment contracts are for at-will employment.  See Brown v. City of Niota, Tenn., 214 F.3d 718, 721 (6th Cir. 2000) ("Under Tennessee law, what would otherwise be an at-will contract may be modified by specific language which evidences an intent to modify the existent employment contract."); Wright v. Wacker-Chemie AG, 2014 WL 3810584, at *14 (E.D. Tenn. Aug. 1, 2014) (discussing Tennessee presumption of at-will employment).

In her objection, Ms. Gamble states that she was not employed at will; however, she again fails to allege any facts or produce any contract language that would nudge her conclusion from the realm of conceivability to plausibility.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed.").  Ms. Gamble states that she was not at-will because she had "expectations for the opportunity to grow professionally at Sitel," and that "Sitel recognized [her] knowledge, skills, and abilities to grow within the company."  (ECF No. 18 at 5.)  This language was taken from Ms. Gamble's employment contract, but is more akin to puffery than it is to explicit language that would alter Ms. Gamble's status as an at-will employee.  Sudberry v. Royal & Sun All., 344 S.W.3d 904, 914 (Tenn. Ct. App. 2008) ("Tennessee has long recognized that statements by an employer about the prospect of long-term employment are not contractually binding, nor do same alter the at-will employment

4

presumption."); id. at 915 (stating that, to defeat the presumption of at-will employment in Tennessee, the employment contract must include "binding and unequivocal language" to that effect). Because Ms. Gamble has not overcome the presumption that she entered into an at-will employment contract, and at-will employment contracts "can be terminated by either party at any time without cause," Graves v. Anchor Wire Corp. of Tennessee, 692 S.W.2d 420, 422 (Tenn. Ct. App. 1985), Ms. Gamble has failed to plead a breach of contract claim against Sitel.

    B.  Second Objection

Ms. Gamble also appears to object to the Magistrate's recommendation to dismiss her disability discrimination claim.[1] When the Court adopted the Magistrate's recommendations as to Ms. Gamble's Complaint, it dismissed her claim for disability discrimination because Ms. Gamble had failed to allege any facts that supported causation. (ECF No. 11 at 12-13.) In the current Report and Recommendation, the Magistrate recommends that the Court again dismiss Ms. Gamble's disability discrimination claim for the same reason. (ECF No. 17 at 25.) To establish causation, the plaintiff must show that "either she was replaced by a nondisabled person or her position remained open while the employer sought other applicants." Daugherty v. Sajar Plastics, Inc., 544 F.3d 696, 703 (6th Cir. 2008). Causation "may also be satisfied by showing that similarly situated non-protected employees were treated more favorably." Jones v. Potter, 488 F.3d 397 (6th Cir. 2007) (citing Tally v. Bravo Pitino Rest., Ltd., 61 F.3d 1241, 1246 (6th Cir. 1995)).

---

[1] The Court states that Ms. Gamble "appears" to make this objection because nowhere in her filing has she included a clear, concise, or pointed objection. Therefore, applying the most liberal standard of review to Ms. Gamble's *pro se* objection, the Court construes her running narrative regarding Ms. Rene Jackson as an objection to the Magistrate's recommendation to dismiss her disability discrimination claim.

5

In her objection, Ms. Gamble alleges that another employee, Rene Jackson, suffered "difficult and unpleasant" working conditions, just as Ms. Gamble had. According to Ms. Gamble, Rene Jackson is "non-disabled." Although she is not disabled, Ms. Jackson is not a proper comparator because she, too, was allegedly treated poorly by Sitel. To establish causation at this stage of the litigation, Ms. Gamble must plead that a non-disabled employee was treated *better* than she was, despite having similar job performance issues. Ms. Jackson's experience cuts against Ms. Gamble's claim, not in favor of it, leaving the Court to conclude that Ms. Gamble claims that Sitel treats all employees poorly. While such behavior by an employer, if true, would be unfortunate, there is no cause of action based on poor management practices alone. The Court finds that Ms. Gamble has still failed to allege any facts demonstrating causation for her disability discrimination claim.

## CONCLUSION

For the foregoing reasons and following full review of the Magistrate Judge's Report and Recommendation, the Court **ADOPTS** the Report and Recommendation in its entirety, resulting in the dismissal of Ms. Gamble's claims for breach of contract, negligence, Title VII gender discrimination and ADA disability discrimination against Sitel, as well as all claims against Ms. Farmer. The only claims that Ms. Gamble has sufficiently pled in her Amended Complaint are against Sitel for failure-to-accommodate and for retaliation under the ADA. The Clerk of Court is **DIRECTED** to issue process for Sitel and to deliver that process to the marshal for service along with a copy of the Amended Complaint (ECF No. 14), the Report and Recommendation (ECF No. 17) and this Order.

**IT IS SO ORDERED**, this 22nd day of August, 2016.

                                                 s/ Sheryl H. Lipman
                                                 SHERYL H. LIPMAN
                                                 UNITED STATES DISTRICT JUDGE