IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION
_____

STEPHANIE GAMBLE,

    Plaintiff,

                                                 No. 15-2789-SHL-dkv

vs.

SITEL OPERATING CORPORATION and
MEREDITH ASHLEY FARMER,

    Defendants.
_____

REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS FOR
FAILURE TO JOIN A NECESSARY PARTY, FOR LACK OF STANDING, AND FOR
JUDICIAL ESTOPPEL
_____

On December 8, 2015, the plaintiff, Stephanie Gamble ("Gamble"), filed a *pro se* complaint against the defendants, Sitel Operating Corporation ("Sitel") and Meredith Ashley Farmer ("Farmer"), alleging gender discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and disability discrimination in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112.  (Compl., ECF No. 1.)  In an amended complaint, Gamble added claims of breach of contract and negligence.  (Am. Compl., ECF No. 14.)  By order dated August 22, 2016, the court dismissed Gamble's claims for breach of contract, negligence, Title VII gender discrimination, and ADA disability discrimination against Sitel, as well as all claims against Farmer.  (Order, ECF No.

19.) The court allowed Gamble to proceed with the claims in her Amended Complaint against Sitel for failure to accommodate and for retaliation under the ADA.

Now before the court is the motion of Sitel, filed November 15, 2016, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, to dismiss Gamble's remaining claims for lack of jurisdiction, failure to join an indispensable party, and judicial estoppel. (Mot. to Dismiss, ECF No. 45.) Sitel argues that Gamble lacks standing to bring this lawsuit because she has a pending Chapter 13 bankruptcy proceeding and she failed to include this claim against Sitel in her bankruptcy case. This case was stayed until the jurisdictional and standing issues raised in Sitel's motion to dismiss are resolved. (ECF No. 48.)

Gamble filed a response to the motion on December 15, 2016. (Pl.'s Resp., ECF No. 51.) On the same day, Gamble filed a separate pleading entitled "Motion Notice of Removal" in which she seeks an order of reference from this court referring this case to bankruptcy court. (Mot. Notice of Removal, ECF No. 52.) Sitel filed a response in opposition to Gamble's request for removal. (Def.'s Resp., ECF No. 53.)

For the reasons the follow, it is recommended that Sitel's motion be granted and this case be dismissed without prejudice.

## I.   PROPOSED FINDINGS OF FACT

Gamble has an open Chapter 13 bankruptcy proceeding in the United States Bankruptcy Court for the Western District of Tennessee, Eastern Division, which has been pending since August 22, 2013. (Mot. to Dismiss 1, ECF No. 45; Pl.'s Resp. 4, ECF No. 51.) Gamble's claims against Sitel arose after the commencement of her bankruptcy proceeding.

After Sitel filed this motion to dismiss, Gamble amended her Chapter 13 petition to include her employment discrimination claim. The bankruptcy trustee subsequently, on December 5, 2016, filed a motion in bankruptcy court to abandon the claim. (Pl.'s Resp., Ex. 11A, ECF No. 51-3.) No order allowing abandonment has been entered or filed with this court at this time.

## II. PROPOSED CONCLUSIONS OF LAW

The standard of review applicable to motions for judgment on the pleadings is the same standard applicable to motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6). *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008)(citation omitted).

Sitel's motion brings into question the standing of Gamble to pursue this case. Lack of standing implicates the case-or-controversy requirement of Article III, *Lujan v. Defenders of*

*Wildlife*, 504 U.S. 555, 560 (1992), and, therefore, is a threshold issue in every federal case, *Midwest Media Prop. L.L.C. v. Symmes Twp., Ohio*, 503 F.3d 456, 469-70 (6th Cir. 2007).

> The Bankruptcy Code provides that the bankruptcy estate comprises "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). It is well established that the "interests of the debtor in property" include causes of action. *Bauer v. Commerce Union Bank,* 859 F.2d 438, 441 (6th Cir.1988), *cert. denied,* 489 U.S. 1079 (1989). "It is equally clear that the trustee in bankruptcy acts as representative of the estate. It is the trustee who 'has capacity to sue and be sued.' 11 U.S.C. § 323(b).... The debtor has no standing to pursue such causes of action." *Id.*

*Dutka v. Rosenthal*, 113 F.3d 1234 (6th Cir. 1997)(holding that the district court was correct in dismissing for lack of standing.) *See also Stinson v. New Age Technologies, Inc.*, No. 07-144, 2007 WL 3341726, at *2 (W.D. Ky. Nov. 9, 2007) ("Property in the bankruptcy estate remains estate property unless abandoned or administered during the bankruptcy proceedings.").

Gamble's claims against Sitel are the property of the bankruptcy estate. Although the trustee has filed a motion to abandon the claim, no order granting his motion has been filed with this court. At this time, Gamble lacks standing to prosecute this case.

Because the court finds Gamble lacks standing, the court need not address the other issues raised in the motion to dismiss.

4

Gamble's motion for remand should be denied. This is an ADA claim and thus does not arise under the bankruptcy court's original jurisdiction under 28 U.S.C. § 157, nor is it a core proceeding.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that Gamble's lawsuit be dismissed without prejudice for lack of jurisdiction and that her motion for remand to bankruptcy court be denied.

Respectfully submitted this 11th day of January, 2017.

s/Diane K. Vescovo
DIANE K. VESCOVO
CHIEF UNITED STATES MAGISTRATE JUDGE

### NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.