```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
```
_____

STEPHANIE GAMBLE,

    Plaintiff,

                                    No. 15-2789-SHL-dkv

vs.

SITEL OPERATING CORPORATION and
MEREDITH ASHLEY FARMER,

    Defendants.

_____

REPORT AND RECOMMENDATION ON RECONSIDERATION OF THE DEFENDANT'S
           MOTION FOR JUDGMENT ON THE PLEADINGS
_____

    Before the court is the defendant Sitel Operating Corporation ("Sitel") motion for judgment on the pleadings, seeking to dismiss the amended complaint filed by plaintiff Stephanie Gamble ("Gamble"). (ECF No. 45.) The case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.) For the reasons the follow, it is recommended that Sitel's motion be denied.

                        I.    PROCEDURAL BACKGROUND

    On December 8, 2015, Gamble filed a *pro se* complaint against Sitel and Meredith Ashley Farmer, alleging gender

discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and disability discrimination in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112.  (Compl., ECF No. 1.)  In an amended complaint, Gamble added claims of breach of contract and negligence.  (Am. Compl., ECF No. 14.)  By order dated August 22, 2016, the court dismissed Gamble's claims for breach of contract, negligence, Title VII gender discrimination, and ADA disability discrimination against Sitel, as well as all claims against Farmer.  (Order, ECF No. 19.)  The court allowed Gamble to proceed with the claims in her amended complaint against Sitel for failure to accommodate and for retaliation under the ADA.  (*Id.* at 6.)

On November 15, 2016, Sitel filed the instant motion for judgment on the pleadings on Gamble's remaining claims for lack of jurisdiction, failure to join an indispensable party, and judicial estoppel.  (ECF No. 45.)  On January 11, 2017, the Magistrate Judge issued a report and recommendation granting Sitel's motion, finding that Gamble lacked standing because she had a Chapter 13 bankruptcy proceeding pending in the United State Bankruptcy Court for the Western District of Tennessee, and that, although the trustee had filed a motion to abandon Gamble's instant claim against Sitel, no order granting his motion had been entered yet.  (Report and Recommendation 4, ECF

No. 56.) On January 23, 2017, Gamble presented evidence that the Bankruptcy Court had allowed the trustee to abandon Gamble's employment discrimination claim against Sitel. (ECF No. 59-1.) In light of this evidence, the district court referred Sitel's motion for judgment of the pleadings back to the Magistrate Judge for further consideration. (Order, ECF No. 60.)

II. PROPOSED CONCLUSIONS OF LAW

In its instant motion, Sitel moves for judgment on the pleadings on three grounds. Sitel first asserts that Gamble's amended complaint should be dismissed for failure to join a necessary party, namely the bankruptcy trustee. (Mot. to Dismiss 4-5, ECF No. 45.) Because the bankruptcy court has allowed the trustee to abandon this claim against Sitel, the trustee is no longer a necessary party. (*See* ECF No. 59-1.) Accordingly, this argument is moot.

Sitel then argues that Gamble lacks standing to assert her ADA failure-to-accommodate and retaliation claims because they belong to the bankruptcy estate. (Mot. to Dismiss 5-7, ECF No. 45.) The bankruptcy estate comprises "'all legal or equitable interests of the debtor in property as of the commencement of the case," including causes of action. *Dutka v. Rosenthal*, 113 F.3d 1234 (6th Cir. 1997)(quoting 11 U.S.C. § 541(a)(1) & *Bauer v. Commerce Union Bank,* 859 F.2d 438, 441 (6th Cir. 1988)). The trustee in bankruptcy acts as representative of the estate and

3

the debtor has no standing to pursue the causes of action. *Id.* (citations omitted). Here, by order dated January 12, 2017, the bankruptcy court allowed the trustee to abandon Gamble's employment discrimination claim against Sitel. (ECF No. 59-1.) Therefore, Gamble has standing to pursue the claim against Sitel in this court.

Lastly, Sitel argues that Gamble's amended complaint should be dismissed under a theory of judicial estoppel because she did not disclose her instant legal claims in the bankruptcy proceeding. (Mot. to Dismiss 7-11, ECF No. 45.) The doctrine of judicial estoppel is an "equitable doctrine meant to preserve the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship." *Teledyne Indus., Inc. v. NLRB*, 911 F.2d 1214, 1218 (6th Cir. 1990). "Judicial estoppel . . . should be applied with caution to avoid impinging on the truth-seeking function of the court, because the doctrine precludes a contradictory position without examining the truth of either statement." *Eubanks v. CBSK Financial Grp., Inc.*, 385 F.3d 894, 897 (6th Cir. 2004). In order to establish that this doctrine applies, Sitel must show that Gamble: "(1) assert[ed] a position that is contrary to one that the [Gamble] has asserted under oath in a prior proceeding, where (2) the prior court adopted the contrary position either

4

as a preliminary matter or as a part of a final disposition." *Browning v. Levy,* 283 F.3d 761, 776 (6th Cir. 2002).

The Sixth Circuit has considered the doctrine of judicial estoppel in the bankruptcy context. The Bankruptcy Code imposes upon a debtor "an affirmative duty to disclose all of its assets to the bankruptcy court, under 11 U.S. C. S 521(l)." *Eubanks*, 385 F.3d at 897. "Assets" that must be disclosed to the bankruptcy trustee include claims. *Lewis v. Weyerhaeuser Co.*, 141 F. App'x 420, 425 (6th Cir. 2005). "[T]he Chapter 13 debtor has a continuing duty to disclose property and earnings acquired after the commencement of the case." *Sims v. Big Lots Store, Inc.*, No. 06-27, 2006 WL 2805137, at *6 (S.D. Miss. Sept. 28, 2006). Accordingly, if a debtor fails to inform the bankruptcy court of a possible claim, the debtor may be judicially estopped from bringing that claim in another court. *See Eubanks*, 385 F.3d at 897-98. In determining judicial estoppel, the court "considers reasons of mistake and inadvertence, *as well as an absence of bad faith*." *Id.* at 895.

Gamble filed her Chapter 13 petition on August 22, 2013, where she swore under oath that she had no claims. (Mot. to Dismiss 2, ECF No. 45; ECF Nos. 45-2, 45-3.) Sitel argues that Gamble acquired her claim when the alleged ADA violations occurred on December 2, 2013, and certainly when she filed her EEOC charge on March 15, 2014. (Mot. to Dismiss 9, ECF No. 45.)

5

Further, despite "amend[ing] her schedules several times," Gamble did not disclose the claim to the bankruptcy court. (*Id.* at 9-10.) Thus, Sitel asserts, Gamble should be judicially estopped from bringing her discrimination claim against Sitel in this court.

The circumstances here do no warrant invocation of judicial estoppel. Gamble asserts that she "did not know that this claim should have been part of the bankruptcy case." (Resp. to Mot. to Dismiss 3, ECF No. 51.) Upon becoming aware, Gamble amended her bankruptcy petition to include the claim against Sitel. (Gamble's Obj. to Report & Recommendations 2, ECF No. 59; ECF No. 51-3.) Thus, although the claim was originally omitted from the bankruptcy petition, Gamble subsequently made the bankruptcy court aware of the claim, as evidenced by the bankruptcy court's January 10, 2017 order. (*See* ECF No. 59-1.) Gamble took "affirmative steps" to inform the trustee and the bankruptcy court of the action which demonstrates that the omission was not in bad faith and in all likelihood inadvertent. *Eubanks*, 385 F.3d at 898-99 & n.2 (holding that the plaintiffs demonstrated that their omission of their claims during the bankruptcy proceeding was in good faith given the plaintiff's "constant affirmative" efforts to inform the trustee and the bankruptcy court of the claim before the bankruptcy action closed); *see also* Lewis, 141 F. App'x at 426 ("Thus, under *Eubanks,* even if

6

the debtor has knowledge of a potential cause of action and a motive to conceal it, if the plaintiff does not actually conceal it and instead takes affirmative steps to fully inform the trustee and the bankruptcy court of the action, it is highly unlikely that the omission in the bankruptcy petition was intentional.").

Further, Gamble also informed her bankruptcy attorney and paralegal of the claims, (see Resp. to Mot. to Dismiss 3, ECF No. 51), which "runs contrary to the conduct needed to establish a motive to conceal." *Eubanks*, 385 F.3d at 899 n.2. Because Gamble has "evidenced no motive or intention to conceal the potential claim," *id.* at 897, she should not be judicially estopped from bringing her claim in this court.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that Sitel's motion for judgment on the pleadings be denied and that the order staying the case be lifted.

Respectfully submitted this 16th day of March, 2017.

        s/Diane K. Vescovo_____
        DIANE K. VESCOVO
        CHIEF UNITED STATES MAGISTRATE JUDGE

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.