IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| STEPHANIE GAMBLE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SITEL OPERATING CORPORATION, ) <br> ) <br> Defendant. ) <br> ) | No. 15-cv-2789-SHL-dkv |

**ORDER ADOPTING IN PART AND MODIFYING IN PART REPORT AND RECOMMENDATION ON RECONSIDERATION, DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS, REJECTING AS MOOT THE PREVIOUS REPORT AND RECOMMENDATION AND LIFTING STAY**

On December 8, 2015, Plaintiff Stephanie Gamble filed her *pro se* Complaint against Defendants Sitel Operating Corporation ("Sitel") and Meredith Ashley Farmer, alleging discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and disability discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112. (Compl., ECF No. 1.) Plaintiff amended her Complaint on May 19, 2016, adding claims for breach of contract and negligence. (Am. Compl., ECF No. 14.) On August 22, 2016, the Court adopted the Chief Magistrate Judge's Report and Recommendation (ECF No. 17), and dismissed Plaintiff's claims against Sitel for breach of contract, negligence, Title VII gender discrimination and ADA disability discrimination, and dismissed all claims against Ms. Farmer. (ECF No. 19.) Plaintiff's ADA claims against Sitel for failure to accommodate and for retaliation remain. (Id.)

On November 13, 2016, Sitel filed a Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c),[1] seeking to dismiss Plaintiff's remaining claims for lack of jurisdiction, failure to join an indispensable party and judicial estoppel. (ECF No. 45.) On January 11, 2017, the Chief Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that the Court dismiss this matter for lack of jurisdiction because Plaintiff had no standing to bring the case based on her Chapter 13 bankruptcy proceeding pending in the United States Bankruptcy Court for the Western District of Tennessee. (ECF No. 56.) Then, on March 7, 2017, after Plaintiff presented evidence that the Bankruptcy Court had allowed the trustee to abandon Plaintiff's employment discrimination claim against Sitel, the Court referred the R&R on the Motion for Judgment on the Pleadings back to the Chief Magistrate Judge for reconsideration of that issue and the remaining issues. (See ECF No. 60.)

Subsequently, on March 16, 2017, the Chief Magistrate Judge issued a Report and Recommendation on Reconsideration of the Defendant's Motion for Judgment on the Pleadings ("R&R on Reconsideration"), recommending that the Court deny Sitel's Motion for Judgment on the Pleadings based on its findings that the trustee was no longer a necessary party. In addition, the R&R on Reconsideration concluded that Plaintiff has standing and that the circumstances do not warrant judicial estoppel. (ECF No. 61.) On March 29, 2017, Sitel filed objections to the R&R, contending that the recommendation of the denial of its Motion to Dismiss under the theory of judicial estoppel should be without prejudice and seeking clarification from the Court as to whether this Court is the proper forum for Plaintiff's claims. (ECF No. 63.) Plaintiff did not respond to Sitel's objections.

---

[1] While docketed and labeled as a Motion to Dismiss, Defendant's Motion was actually made under Rule 12(c), and, thus, the Court will interpret it as a Motion for Judgment on the Pleadings.

For the reasons herein, the Court **ADOPTS IN PART AND MODIFIES IN PART** the R&R on Reconsideration, and the previous R&R is **REJECTED AS MOOT**. Further, the Court **LIFTS** the stay previously entered in this matter.

## **STANDARD OF REVIEW**

A magistrate judge may submit to a judge of the court proposed findings of fact and recommendations for the disposition of a motion to dismiss. 28 U.S.C. § 636(b)(1)(B). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. 262(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 149 (1985). After reviewing the evidence, the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C). The district court need not review findings that are not objected to under a *de novo* or any other standard. Thomas, 474 U.S. at 150.

When reviewing a motion for judgment on the pleadings, courts "must construe the complaint in a light most favorable to the plaintiff, accept all factual allegations as true and determine whether the complaint states a plausible claim for relief." Albrecht v. Treon, 617 F.3d 890, 893 (6th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009) (internal citations and quotations omitted)). A motion for judgment on the pleadings should be granted if, taking "all well-pleaded material allegations of the pleadings of the opposing party . . . as true," the "moving party is nevertheless clearly entitled to judgment." Warrior Sports, Inc. v. Nat'l Collegiate Athletic Ass'n, 623 F.3d 281, 284 (6th Cir. 2010) (quoting JPMorgan Chase Bank, N.A. v. Winget, 510 F.3d 577, 581 (6th Cir. 2007).

## ANALYSIS

On reconsideration of the R&R, the Chief Magistrate Judge found that, because the Bankruptcy Court allowed the trustee to abandon Plaintiff's employment discrimination claim against Sitel, Plaintiff need not join the trustee as a party, and, additionally, Plaintiff has standing to pursue her claims against Sitel here. (See ECF No. 61 at 3-4.) Further, the Chief Magistrate Judge rejected Sitel's judicial estoppel theory, concluding that, based on Plaintiff's averments, she was not aware that she needed to include her claims against Sitel in her bankruptcy estate. (Id. at 4-7.) Sitel does not object to the Chief Magistrate Judge's conclusion that the Court should deny its Motion. However, Sitel argues that the Court's denial of its motion under a judicial estoppel theory should be without prejudice.[2]

Because Sitel does not object to the findings by the Chief Magistrate Judge that Plaintiff has standing and has not failed to join a necessary party, the Court need only review the issue of whether Sitel's arguments under the theory of judicial estoppel should be dismissed with or without prejudice. There is no specific finding as to this issue in the R&R, and Plaintiff did not respond to Sitel's objections. Sitel contends that the Chief Magistrate Judge relied on unsworn assertions by Plaintiff in finding that Plaintiff was not aware that this matter should have been part of her bankruptcy case. (Def.'s Objections, ECF No. 63 at 1-2.) Consequently, Sitel argues that it should be given "the opportunity to explore the veracity of these statements in discovery"

---

[2] Sitel also seeks clarification from the Court that this Court is the proper forum for Plaintiff to pursue her ADA claim against Sitel. The Court notes that, on its own search, it appears Plaintiff's Chapter 13 bankruptcy proceeding has been dismissed in its entirety. See In re: Stephanie Latrice Gamble, No. 13-12212 (Bankr. W.D. Tenn. May 3, 2017). Therefore, the issue of whether Plaintiff may simultaneously raise this matter as a core proceeding in her bankruptcy case is presently moot. Should this issue arise again in the future, Sitel may then address it with the Court.

4

such that it may be permitted to raise the theory of judicial estoppel again in its dispositive motion.

The Court agrees with Sitel. See In re Martin, 2011 WL 6032835 (N.D. Ohio Dec. 5, 2011) (denying motion to dismiss without prejudice to assert judicial estoppel defense again in a different procedural context). In the course of discovery, should Sitel discover evidence disputing Plaintiff's claim that she was unaware that the claim should have been part of the bankruptcy case, Sitel may re-raise the issue in a dispositive motion.

The Chief Magistrate Judge also recommended that the Court lift the stay that was issued in this case. Sitel did not object to this recommendation. The stay was entered because of the pending jurisdictional issue, which no longer exists. Therefore, the Court **LIFTS** the Stay.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS IN PART AND MODIFIES IN PART** the Chief Magistrate Judge's Report and Recommendation on Reconsideration, **DENIES WITH PREJUDICE** Sitel's Motion for Judgment on the Pleadings as to the issues of failure to join a necessary party and standing, **DENIES WITHOUT PREJUDICE** Sitel's Motion for Judgment on the Pleadings under the theory of judicial estoppel, **REJECTS AS MOOT** the Chief Magistrate Judge's Report initial Report and Recommendation and **LIFTS** the stay entered in this matter.

**IT IS SO ORDERED**, this 17th day of May, 2017.

                                                        s/ Sheryl H. Lipman  
                                                        SHERYL H. LIPMAN  
                                                        UNITED STATES DISTRICT JUDGE